IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| AIR ALLIANCE HOUSTON; CENTER FOR BIOLOGICAL DIVERSITY; CITIZENS FOR PENNSYLVANIA'S FUTURE; CLEAN AIR COUNCIL; DAKOTA RESOURCE COUNCIL; DOWNWINDERS AT RISK; ENVIRONMENTAL DEFENSE FUND; ENVIRONMENTAL LAW AND POLICY CENTER; MONTANA ENVIRONMENTAL INFORMATION CENTER; NATURAL RESOURCES DEFENSE COUNCIL, INC., and SIERRA CLUB,<br><br>          Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity; LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>          Defendants. | Case No. 25-1852 |

**DEFENDANTS' MOTION FOR SIX-MONTH ABEYANCE**

Defendants, Donald J. Trump, in his official capacity as President of the United States, the United States Environmental Protection Agency ("EPA") and its Administrator, Lee Zeldin, respectfully move this Court for a six-month abeyance while EPA takes action that could moot this case. Defendants alternatively request that, if the Court denies this abeyance request, the Court extend their time to file a responsive pleading to 21 days after such denial. Plaintiffs oppose this request and intend to file a response.

In support of this request, Defendants state as follows:

1.      Last year, EPA promulgated a rule under Section 112(d) of the Clean Air Act, 42 U.S.C. § 7412(d), entitled *National Emission Standards for Hazardous Air Pollutants: Coal- and*

*Oil-Fired Electric Utility Steam Generating Units Review of the Residual Risk and Technology Review*, 89 Fed. Reg. 38508 (May 7, 2024) ("MATS Rule"). *See North Dakota v. EPA*, Case No. 24-1119 and consolidated cases (D.C. Cir.) (challenging MATS Rule). The effective date of the MATS Rule was July 8, 2024, and sources were given three years to come into compliance with most requirements. 89 Fed. Reg. at 38519.

2. In March 2025, EPA announced its intention to reconsider the 2024 MATS Rule.[1] Subsequently, EPA proposed to repeal the 2024 MATS Rule. 90 Fed. Reg. 25535 (June 17, 2025). The comment period on the proposed repeal closes on August 11, 2025. *Id.*

3. Meanwhile, Section 112(i) of the Clean Air Act allows the President to "exempt any stationary source from compliance with any standard or limitation under this section for a period of not more than 2 years if the President determines that the technology to implement such standard is not available and that it is in the national security interests of the United States to do so." 42 U.S.C. § 7412(i)(4).

4. The President, invoking his authority under Section 112(i), issued Presidential Proclamation 10914 on April 8, 2025.[2] The Proclamation states that certain sources "are exempt from compliance with the [2024 MATS] Rule for a period of 2 years, beyond the Rule's compliance date—i.e., for the period beginning July 8, 2027." *Supra* n.2. The Proclamation also stated that the exempted sources are listed in "Annex I of this proclamation." *Id.* That annex was initially posted on EPA's website and then shortly after that, included in the Federal Register

---

[1] Press Release, EPA, Trump EPA Announces Reconsideration of Air Rules Regulating American Energy, Manufacturing, Chemical Sectors (NESHAPs) (Mar. 12, 2025), *available at* https://perma.cc/6FSB-D4GP.

[2] The White House, "Regulatory Relief For Certain Stationary Sources to Promote American Energy" (Apr. 8, 2025), *available at* https://perma.cc/WV8Q-UN4N.

2

publication of Presidential Proclamation 10914 on April 21, 2025. See 90 Fed. Reg. 16777 (Apr. 21, 2025).

5. In their Complaint, Plaintiffs challenge the Proclamation's exemptions. *See* Compl., ECF No. 1. In parallel, these same Plaintiffs filed a petition for review in the U.S. Court of Appeals for the District of Columbia Circuit against EPA challenging the Annex I attached to the Proclamation. *Air Alliance et al. v. EPA*, Case No. 25-1143 (D.C. Cir.). EPA is also seeking a six-month abeyance of the circuit court proceeding.

6. As explained above, EPA recently announced that it would reconsider, and then proposed to repeal, the 2024 MATS Rule. EPA currently expects to finalize action on the proposal by the end of this year.³ If EPA finalizes a repeal of the 2024 MATS Rule as proposed, the Proclamation would be moot.

7. Courts routinely grant stays or abeyances when a new administration reconsiders a prior agency action, and the outcome of such reconsideration could moot the pending proceeding. *See, e.g.*, Order, *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, AFL-CIO v. EPA*, No. 24-1151 (D.C. Cir. Apr. 30, 2025), ECF Nos. 2113775, 2104767 (abating challenges to rulemaking after EPA sought remand to reconsider the rulemaking; Order, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Apr. 14, 2025), ECF Nos. 2111018, 2104881 (same); Order (ECF 1675813, 1670157), *Am. Petrol, Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017), ECF Nos. 1675813, 1670157 (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration).⁴

---

³ Mercury and Air Toxics, EPA, *available at* https://perma.cc/EGT4-X6A3 (last visited Aug. 5, 2025) ("EPA intends to finalize action on this proposal by December 2025.").
⁴ In this citation sentence, the first ECF number refers to the Court's Order and the second refers to the agency's motion.

8. A six-month abeyance would preserve the resources of the parties and this Court. Indeed, "[t]he primary reason for holding a case in abeyance is to promote judicial economy." Order and Statements at 2, *Utah v. EPA*, No. 23-1157 (D.C. Cir. May 2, 2025), ECF No. 2114107 (Rao, J.). Here, the reconsideration of the 2024 MATS Rule is proceeding promptly. EPA has already issued a proposed rulemaking and the comment period on the proposal closes in less than one week. Given EPA's proposal to repeal the MATS Rule and EPA's goal to complete reconsideration of that rule a mere five months from now, supra n.3, it does not make sense to move forward with the litigation. *See Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"). The parties would be unlikely to complete dispositive motions briefing, let alone obtain a ruling from this Court, by the end of the year, when EPA expects to conclude its rulemaking regarding the 2024 MATS Rule.

9. Plaintiffs will not be prejudiced by a time-limited abeyance or otherwise face "immediate and significant" hardship. *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 389 (D.C. Cir. 2012). As here, "when a challenger will not be subject to the regulation while the case is held in abeyance . . . a legitimate interest in judicial economy will likely prevail over any alleged hardship." Order and Statements at 3-4, Utah v. EPA, No. 23-1157 (D.C. Cir. May 2, 2025), ECF No. 2114107 (Rao, J.).

10. For these reasons, the Court should place this matter into abeyance for six months with motions to govern due at the end of that period.  Alternatively, Defendants request that, if the Court denies this abeyance request, the Court extend their time to file a responsive pleading to 21 days after such denial.

Dated: August 5, 2025											Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

ROBERT N. STANDER
Deputy Assistant Attorney General

*/s/Laura J. Brown*
Laura J. Brown
Senior Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 305-5314
laura.j.s.brown@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, I served the foregoing with the Clerk of the Court for the by using the CM/ECF system.

All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Laura J. Brown*
