## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIR ALLIANCE HOUSTON, et al., | |
| *Plaintiffs*, | |
| v. | Civ. No. 1:25-cv-1852-PLF |
| DONALD J. TRUMP, et al., | |
| *Defendants*. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

In the interest of judicial economy, Defendants sought, and this Court granted, a six-month abeyance of this proceeding because the Environmental Protection Agency ("EPA") has proposed to repeal a regulation that, if finalized as proposed, would moot the Presidential Proclamation exemptions challenged in this action. In their reconsideration motion, Plaintiffs rehash the same arguments made in earlier briefing and fail to identify any valid basis for reconsideration. The motion should be denied.

## BACKGROUND

The Clean Air Act requires EPA to set standards for categories of sources that emit toxic air pollutants. 42 U.S.C. § 7412(d). Eight years after setting those standards, EPA must complete a risk review, assessing whether the standards provide "an ample margin of safety" for public health and the environment. *Id.* § 7412(f)(2)(A). Separately, EPA must complete a recurring technology review of these standards every eight years. *Id.* § 7412(d)(6). Finally, "the President may exempt any stationary source from compliance with any standard or limitation under [42 U.S.C. § 7412] for a period of not more than 2 years if the President determines that the

1

technology to implement such standard is not available and that it is in the national security interests of the United States to do so." *Id.* § 7412(i)(4).

In 2012, EPA first promulgated air toxics standards for coal- and oil-fired power plants, 77 Fed. Reg. 9304 (Feb. 16, 2012) ("2012 MATS standards"), and then, in 2020, completed the risk review and first technology review, 85 Fed. Reg. 31286 (May 22, 2020). Last year, EPA promulgated a rule entitled National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units Review of the Residual Risk and Technology Review, 89 Fed. Reg. 38508 (May 7, 2024) ("2024 MATS Rule"), which revised certain 2012 standards based on a reassessment of the 2020 technology review. *Id.* In the same action, EPA decided not to reopen the 2020 risk review. *Id.* at 38518. The decision let stand the risk review's conclusion that risks from power plants were "acceptable" and that the 2012 MATS standards provide an "ample margin of safety to protect public health." *Id.*

The effective date of the 2024 MATS Rule was July 8, 2024, and sources have three years (or until July 2027) to comply with most of its requirements. In March 2025, EPA announced its intention to reconsider the 2024 MATS Rule.[1] Shortly thereafter, EPA proposed to repeal most of the 2024 MATS Rule. 90 Fed. Reg. 25535 (June 17, 2025). The comment period on the proposed repeal closed on August 11, 2025. *Id.* EPA has stated that it expects to finalize action on the proposal by the end of the year.[2]

---

[1] Press Release, EPA, Trump EPA to Reconsider Biden-Harris MATS Regulation That Targeted Coal-Fired Power Plants to be Shut Down (Mar. 12, 2025), *available at* https://perma.cc/JW3U-SUP6.

[2] Mercury and Air Toxics Standards, EPA, *available at* https://perma.cc/EGT4-X6A3 ("EPA intends to finalize action on this proposal by December 2025.").

The President issued Presidential Proclamation 10914 on April 8, 2025.[3] 90 Fed. Reg. 16777 (Apr. 21, 2025). The Proclamation states that sources listed in "Annex I of this proclamation, are exempt from compliance with the [2024 MATS] Rule for a period of 2 years beyond the Rule's compliance date—i.e., for the period beginning July 8, 2027." *Supra* n.3. On July 17, 2025, the President issued Presidential Proclamation 10956, which is substantively identical to Presidential Proclamation 10914, but exempts three additional coal plants. 90 Fed. Reg. 34583 (July 23, 2025).

In their Supplemental Complaint, Plaintiffs challenge Presidential Proclamations 10914 and 10956. *See* ECF 31-1. On August 5, 2025, Defendants moved for a six-month abeyance while EPA acts on its reconsideration of the 2024 MATS Rule, which could moot the case, ECF No. 26. Plaintiffs filed their opposition to that request on August 19, 2025, ECF. No. 34, and Defendants filed a reply on August 26, 2025, ECF No. 35. Plaintiffs did not seek leave to file a surreply. On September 3, 2025, this Court issued a minute order granting the government's requested abeyance "in the interest of judicial economy."[4] Now, almost two months later, Plaintiffs seek reconsideration of the abeyance order.

## ARGUMENT

### I.    Plaintiffs Have Not Met their Burden to Demonstrate that Reconsideration Is Warranted.

The judicial interest in finality disfavors reconsideration. *Wannall v. Honeywell Int'l, Inc*., 292 F.R.D. 26, 30-31 (D.D.C. 2013), *aff'd sub nom. Wannall v. Honeywell, Inc.*, 775 F.3d 425

---

[3] The White House, "Regulatory Relief for Certain Stationary Sources to Promote American Energy" (Apr. 8, 2025), *available at* https://perma.cc/WV8Q-UN4N.

[4] On October 16, 2025, the Court of Appeals for the District of Columbia Circuit granted EPA's motion to hold a parallel case in abeyance. *See* Per Curium Order filed in *Air Alliance Houston v. EPA*, No. 25-1143 (D.C. Cir. Oct. 16, 2025), ECF No. 2140670. The Court of Appeals' decision further supports Defendants' position that abeyance here is appropriate.

(D.C. Cir. 2014) (citations omitted). Although granting such motions is committed to the sound discretion of the court, "the Supreme Court has admonished that courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *McCoy v. F.B.I.,* 775 F. Supp. 2d 188, 190 (D.D.C. 2011) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988)).

As such, reconsideration is warranted only when the moving party has demonstrated: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *United States v. All Assets Held at Bank Julius,* 502 F. Supp. 3d 91, 95 (D.D.C. 2020), *aff'd sub nom. United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426 (D.C. Cir. 2022) (quoting *Klayman v. Jud. Watch, Inc.*, 296 F. Supp. 3d 208, 213 (D.D.C. 2018)). Further "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (quoting *Isse v. American Univ.*, 544 F. Supp. 2d 25, 30 (D.D.C. 2008)). Reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Id.* (quoting *Klayman*, 296 F. Supp. 3d at 213-14).The moving party has the burden to demonstrate "that reconsideration is appropriate." *FBME Bank Ltd. v. Mnuchin,* 249 F. Supp. 3d 215, 222 (D.D.C. 2017).

## II.    Plaintiffs' Purported "New" Evidence Is Only Duplicative Evidence Used to Support an Argument They Already Made.

Plaintiffs' motion alleges that "recently uncovered" documents obtained in response to a Freedom of Information Act (FOIA) request "confirm that regulated entities understood the purpose of the exemptions as suspending any obligation to make the investments" to comply

with the 2027 deadline set forth in the 2024 MATS Rule while EPA reconsidered it. Mot. for Reconsid., ECF No. 37, at 4-5. [5] However, that argument is not new.

Plaintiffs made that same argument in their opposition to Defendants' motion for abeyance. *See* Mem. in Opp'n to Mot. for Abeyance, ECF No. 34, at 8; *see also id.* at 10 (arguing that Defendants are seeking a "backdoor stay pending reconsideration for exempted facilities"; 11 (arguing that "that litigation should continue on the basis that the exemptions "guide the activities exempted coal plants are taking (or not taking) right now"). In that opposition, Plaintiffs quoted Defendant-Intervenor Talen Montana's motion to intervene to assert that coal plants had already suspended compliance activities necessary to meet the Rule's 2027 deadline because of the exemption. *Id.* at 8. Thus, the Court already had an opportunity to consider the argument.

Yet the court granted the abeyance. And for good reason: because coal companies' motivations for seeking an exemption to the 2024 MATS Rule's 2027 compliance deadlines (and their actions after receiving exemptions) are irrelevant to whether this litigation should be held in abeyance while EPA reconsiders the 2024 MATS Rule. To the extent Plaintiffs are attempting to use this "new evidence" to challenge the basis for the exemptions, that goes to the merits of the exemptions themselves and not the merits of the current abeyance. If this litigation is not mooted by EPA's forthcoming rule the parties will proceed to brief the merits of the exemptions on the appropriate record once the abeyance expires. At bottom, nothing in Plaintiffs' motion

[5] Plaintiffs do not identify when they "uncovered" the alleged "new evidence" supporting their old argument. In their Supplemental Complaint, filed on August 8, 2025, they stated only that "as of June 12, 2025 [Plaintiffs] had not received any responsive documents" to their FOIA request. *See* ECF 31-1 ¶ 113. As such, Plaintiffs have not demonstrated that this information was not available in advance of their August 19 deadline to respond to the government's abeyance motion.

undermines the benefit to judicial economy of holding the case is abeyance now pending an action that, in weeks, may moot the case.

### III.    The Six-Month Abeyance of this Litigation Does Not Contravene the Clean Air Act.

Plaintiffs next argue that the Court should reconsider the six-month abeyance because 42 U.S.C. § 7607(d)(7)(B) serves as a constraint on the Court's and EPA's ability to stay an in-effect rule for more than three months. As an initial matter, section 7607(d)(7)(B) is not new and, as such, it is not an intervening change in law that would serve as grounds for reconsideration. Moreover, Plaintiffs *already made* that same argument in their opposition brief. Mem. in Opp'n to Mot. for Abeyance, ECF No. 34, at 10.

Notwithstanding that Plaintiffs already made the argument, section 7607(d)(7)(B) of the is irrelevant because neither EPA nor this Court has stayed the 2024 MATS Rule or any of its compliance deadlines. Instead, the President exercised different authority, granted under section 7412(i)(4), to exempt sources from compliance and this Court exercised its authority to abate litigation that may soon be mooted. And, contrary to Plaintiffs' assertion, an abeyance of this litigation is not "tantamount to a stay" of the 2024 MATS Rule. Rather, Defendants sought a time-limited abeyance of briefing in this matter in the interest of judicial economy because EPA is currently reconsidering the 2024 MATS Rule and expects to act on reconsideration in the upcoming weeks, which could moot the matter.

### IV.    Other Presidential Proclamation Exemptions Not Challenged Here Are Irrelevant to this Proceeding.

Plaintiffs next assert that the Court should reconsider the abeyance because the President has issued exemptions to other rules. That assertion is not new information. The most recent exemptions cited by Plaintiffs were issued on July 17, 2025, a month before they filed their

opposition brief on August 19, 2025. *See* Mot. for Recons., ECF No. 37, at 8-9 n.6. Moreover, those exemptions are distinct from the Presidential Proclamations challenged in this action, and the President's decisions to issue exemptions that Plaintiffs do not contest here are irrelevant to this proceeding. To the extent those other exemptions are or will be challenged, those proceedings will be governed through case management orders based on the facts relevant to those particular cases. Those matters have no bearing on Plaintiffs' claims here or the propriety of the Court's abeyance order.

**V.    No "New" Evidence Shows that a Six-Month Abeyance Will Harm Public Health.**

Just as they did in their opposition brief, Plaintiffs continue to create a false sense of urgency by alleging that any delay in the 2024 MATS Rule's 2027 compliance deadlines would harm their members' health. No purportedly "new" evidence supports their false narrative. Instead, Plaintiffs rely on a recent declaration from a scientist employed by one of the Plaintiffs, in which he asserts the health benefits of the 2024 MATS Rule. *See* Mot. for Recons., ECF No. 37, at13-14. However, Plaintiffs could have obtained and submitted that declaration in support of their opposition brief—indeed Plaintiffs attached several declarations in support of their initial Opposition addressing the 2024 MATS Rule and the alleged impact of the exemptions— or, alternatively, in support of a motion for leave to file a surreply, yet they did not. The case law is clear that a motion for reconsideration "cannot be . . . used as a vehicle for presenting theories or arguments that could have been advanced earlier." *Klayman*, 296 F. Supp. 3d at 213-14.

Furthermore, as explained in Defendants' reply brief, EPA has twice decided—in 2020 and again in 2024—that even without the 2024 MATS Rule requirements, public health is protected by an ample margin of safety. *See* Defs.' Reply, ECF No. 35, at 8-9.

In addition, Defendants stand by the definite and clear statement in the reply brief that the challenged Presidential Proclamations' exemptions from the 2024 MATS Rule do not extend to the revised startup definition, which had a compliance deadline in January of this year. Although Plaintiffs contend that the United States was unwilling to stipulate to that point, their statements in that regard are misleading. After the Court granted Defendants' abeyance motion, Plaintiffs asked that Defendants file a stipulation making the same statement that was set forth in the reply brief. In response to Plaintiffs' request, Defendants reiterated, in writing, that the Presidential Proclamations' exemptions from the 2024 MATS Rule do not extend to the revised startup definition. But Defendants also explained that it was not necessary or procedurally appropriate to place another filing on the docket that simply echoed what was already in the reply brief, particularly given that the Court had already granted the abeyance. In the end, Plaintiffs have pointed to no reason to question the government's representation, and their attempt to rely on a non-stipulation as a basis for showing harm falls well short of the bar for reconsideration.

## CONCLUSION

In sum, EPA is finalizing a rulemaking that could moot this dispute. As a result, the Court correctly concluded that it is in the interest of judicial economy to hold this case in abeyance until March 2026. Plaintiffs have not presented any new evidence or any other basis that would warrant reconsideration of that decision. The Court should deny Plaintiffs' motion.

Respectfully submitted,

DATED:        October 29, 2025

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*Of Counsel*:

ROBERT N. STANDER
*Deputy Assistant Attorney General*

HOWARD J. HOFFMAN

Office of the General Counsel
U.S. Environmental Protection Agency

*/s/Laura J. Brown*
ZOE B. PALENIK
LAURA J. BROWN
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5314
Laura.j.s.brown@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2025, I electronically filed the foregoing Reply by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Laura J. Brown*