IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIR ALLIANCE HOUSTON, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> *Defendants*. | Case No.   1:25-cv-1852-PLF |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING ABEYANCE**

Plaintiffs' Motion for Reconsideration (ECF No. 37) summarizes newly obtained documents that reveal that *numerous* coal plants sought Presidential exemptions *for the very purpose* of suspending presently needed compliance steps that are required to meet the deadlines in the 2024 MATS Rule, while EPA reconsiders the rule.  Not only do the documents prove the merits of Plaintiffs' allegations of improper use of the narrow exemption authority, they are also material to the Court's consideration of the appropriateness of an abeyance that impedes Plaintiffs from obtaining timely judicial review and full relief, while Plaintiffs' members suffer harm.  The documents spell out how the exemptions are functionally identical to a stay pending reconsideration that is prohibited by 42 U.S.C. § 7607(d)(7)(B).  By delaying review, the abeyance thus allows Defendants to circumvent the Clean Air Act's express limit on pauses of in-effect rules in a pattern that is likely to reoccur and that could perpetually evade review.  The inequity of preventing review and the continued harms faced by Plaintiffs' members support granting Plaintiffs' motion and vacating the abeyance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-56, 258 (1936).

1

Contrary to Defendants' suggestion, the information presented in the Motion for Reconsideration is newly obtained. Despite Plaintiff EDF's request for this information on March 27, EPA waited until September 9 to produce the documents, nearly a week after the September 3 order granting an abeyance.[1] Plaintiffs could not have relied on those documents in opposing Defendants' abeyance motion or in a sur-reply. Reconsideration is wholly appropriate.

In addition to being new, the documents are highly relevant. They confirm Plaintiffs' allegations that the exemptions were not sought due to the unavailability of pollution control technology or national security interests—which are the statutory criteria for a Section 7412(i)(4) exemption—but instead as permission to dodge compliance obligations until EPA reconsiders the 2024 Rule. This improper purpose was understood and advanced by the very coal plants that received exemptions, as the documents reveal. Plaintiffs seek to challenge and remedy this unlawful approach, which is distinct from EPA's coming action reconsidering the rule.

The fact that the President has granted and continues to grant exemptions for a large number of regulated facilities across multiple industries amplifies concerns about evading judicial review. Indeed, on the same day Plaintiffs filed their Motion for Reconsideration, the President granted yet another exemption, this time from copper smelting standards that control emissions of toxic substances like lead and arsenic. Proclamation, Regulatory Relief for Certain Stationary Sources to Promote American Mineral Security (Oct. 24, 2025). Defendants would have the Court turn a blind eye to the repeated (and continuing) issuance of pretextual exemptions claiming national security concerns but actually designed to spare facilities from

---

[1] EPA filed motions to hold in abeyance this case and a related case in the Court of Appeals for the District of Columbia Circuit on the same day. The D.C. Circuit ordered an abeyance after EPA notified it of the September 3 abeyance order in this case. Air Alliance Houston v. EPA, No. 25-1143 (D.C. Cir.), Doc. No.2133753 (EPA letter), Doc. No.2140670 (abeyance order).

compliance obligations while EPA reconsiders the standards. These other exemptions are relevant because they underscore the pattern of Defendants' unlawful use of Section 7412(i)(4) exemption authority such that an abeyance under these circumstances is unlikely to advance judicial economy.

The immediate prospect of harm also strongly favors allowing the case to proceed. As substantiated by the coal plants' statements, the exemptions will result in increased emissions of hazardous air pollution that threaten Plaintiffs' members and the public. Pls.' Mot. for Recon. at 11-14 (ECF No. 37); States' Amicus Curiae Br. at 2-3, 4-10 (ECF No. 44). Nothing in Defendants' or Defendant-Intervenor's responses refutes this. That harm is felt now, as coal plants forgo pollution reduction preparations. If not stopped, that harm will also be felt in 2027, when coal plants that failed to act in advance (in reliance on the exemptions) are unable to meet the compliance deadline. The coal plants' statements show that future harm is not speculative, as Defendant-Intervenor claims. Also, Defendants again invoke EPA's prior conclusion about an "ample margin of safety," without addressing Plaintiffs' point that an "ample margin of safety" does not mean no health risks. Pls.' Mot. for Recon. at 13-14 (citing Decl. of Dr. Varner ¶¶ 8, 11-13, 16, 18-25 (ECF No. 37-9)).

Lastly, Defendants offer no good reason why they refuse to put counsel's interpretation (that the Exemption Proclamations do not apply to the 2024 Rule's startup standard) into a stipulation of the government that has authoritative and binding legal effect. Because the startup standard went into effect in January 2025, this issue bears on the public's exposure to increased pollution while the case is in abeyance. Counsel's statements in a legal brief cannot make up for the fact that the Exemption Proclamations are vague on this point, nor can they reshape the meaning of the proclamations post hoc.

# CONCLUSION

For the above reasons, Plaintiffs' Motion for Reconsideration should be granted.

DATED: October 31, 2025                    Respectfully Submitted,

/s/ Nicholas Morales
Nicholas Morales (D.C. Bar No. 1003942)
Earthjustice
1001 G St. NW, Suite 1000
(202) 667-4500
nmorales@earthjustice.org

*Counsel for Plaintiffs Air Alliance Houston, Clean Air Council, Downwinders at Risk, Montana Environmental Information Center, and Sierra Club*

Surbhi Sarang (CO Bar No. 56667, D.D.C. Bar ID CO0112)
Richard Yates (D.D.C. Bar ID CA00229)
Tomás Carbonell (D.D.C. Bar ID 989797)
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
tcarbonell@edf.org

/s/ Sean H. Donahue
Sean H. Donahue (DC Bar No. 450940)
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com

*Counsel for Plaintiff Environmental Defense Fund*

/s/ Sarah Buckley
Sarah Buckley (Va. Bar No. 87350)
(*Pro Hac Vice*)

Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 836-9555
sbuckley@nrdc.org

Katherine Desormeau (D.D.C. Bar ID CA00024)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, California 94104
(415) 875-6100
kdesormeau@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*


*/s/ Abel Russ*
Abel Russ (D.D.C. Bar ID 1007020)
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(802) 482-5379
aruss@environmentalintegrity.org

*/s/ Sanghyun Lee*
Sanghyun Lee (D.D.C. Bar ID 1632212)
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 263-4441
slee@environmentalintegrity.org

*Counsel for Plaintiff Environmental Integrity Project*

*/s/ Brian H. Lynk*
Brian H. Lynk (D.C. Bar No. 459525)
Environmental Law & Policy Center
740 15th Street, NW, Suite 700
Washington, DC 20005
(240) 461-4241
blynk@elpc.org

5

*Counsel for Plaintiffs Environmental Law & Policy Center and Dakota Resource Council*

/s/ Shaun A. Goho
Shaun A. Goho (D.D.C. Bar ID MA0013)
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us

*Counsel for Plaintiff Citizens for Pennsylvania's Future*

/s/ Ryan Maher
Ryan Maher (D.C. Bar No. 1620024)
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(781) 325-6303
rmaher@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*