IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIR ALLIANCE HOUSTON, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> *Defendants*. | Civ. No. 1:25-cv-1852-PLF |

## STATUS REPORT

Pursuant to the Court's Order of November 5, 2025, Defendants Donald J. Trump, in his official capacity as President of the United States, the United States Environmental Protection Agency ("EPA"), and EPA's Administrator, Lee Zeldin, respectfully file this status report regarding the status of EPA's action on its proposal to reconsider a rule entitled National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units Review of the Residual Risk and Technology Review, 89 Fed. Reg. 38508 (May 7, 2024) ("2024 MATS Rule"). On June 17, 2025, EPA proposed to repeal most of the 2024 MATS Rule. National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units, 90 Fed. Reg. 25535 (June 17, 2025) ("2025 Proposed MATS Repeal Rule"). This proposed action, if finalized, would moot Plaintiffs' challenge. On December 23, 2025, the draft final action was submitted to the Office of Management and Budget (OMB) for interagency review, which generally is the last step in

1

finalizing EPA's action.[1] Upon completion of that review, EPA now expects to sign the final rule by late January 2026. *Supra,* n. 1.

In support of the foregoing, EPA states as follows:

1. In 2012, EPA first promulgated air toxics standards for coal- and oil-fired power plants, 77 Fed. Reg. 9304 (Feb. 16, 2012) ("2012 MATS standards"). In 2020, EPA completed the risk review and first technology review. 85 Fed. Reg. 31286 (May 22, 2020). Last year, EPA promulgated the 2024 MATS Rule, which revised certain 2012 standards based on a reassessment of the 2020 technology review. 89 Fed. Reg. 38508. In the same action, EPA decided not to reopen the 2020 risk review. *Id.* at 38518. The decision let stand the risk review's conclusion that risks from power plants were "acceptable" and that the 2012 MATS standards provide an "ample margin of safety to protect public health." *Id.*

2. The effective date of the 2024 MATS Rule was July 8, 2024, and sources have three years (or until July 2027) to comply with most of its requirements. 2024 MATS Rule, 89 Fed. Reg. at 38519. In March 2025, EPA announced its intention to reconsider the 2024 MATS Rule.[2] Shortly thereafter, EPA proposed to repeal most of the 2024 MATS Rule. 2025 Proposed MATS Repeal Rule, 90 Fed. Reg. 25535. The comment period on the proposed repeal closed on August 11, 2025. *Id.* EPA had previously stated that it expects to finalize action on the proposal by the end of the year. *See* Def. Motion for Abeyance, ECF No. 26, ¶ 6.

---

[1] EPA, Mercury and Air Toxics, EPA, available at https://www.epa.gov/stationary-sources-air-pollution/mercury-and-air-toxics-standards ("EPA MATS Webpage") (last accessed on December 23, 2025).
[2] Press Release, EPA, Trump EPA to Reconsider Biden-Harris MATS Regulation That Targeted Coal-Fired Power Plants to be Shut Down (Mar. 12, 2025), *available at* https://perma.cc/JW3U-SUP6.

3.      The President issued Presidential Proclamation 10914 on April 8, 2025.[3] 90 Fed. Reg. 16777 (Apr. 21, 2025). The Proclamation states that sources listed in "Annex I of this proclamation, are exempt from compliance with the [2024 MATS] Rule for a period of 2 years beyond the Rule's compliance date—i.e., for the period beginning July 8, 2027." *Supra* n.3. On July 17, 2025, the President issued Presidential Proclamation 10956, which is substantively identical to Presidential Proclamation 10914, but exempts three additional coal plants. 90 Fed. Reg. 34583 (July 23, 2025).

4.      Plaintiffs challenge Presidential Proclamations 10914 and 10956. *See* ECF 31-1. On August 5, 2025, Defendants moved for a six-month abeyance while EPA acts on its reconsideration of the 2024 MATS Rule, which could moot the case. ECF No. 26. Plaintiffs filed their opposition to that request on August 19, 2025, ECF. No. 34, and Defendants filed a reply on August 26, 2025, ECF No. 35. On September 3, 2025, this Court issued a minute order granting the government's requested six-month abeyance "in the interest of judicial economy."[4]

5.      On October 24, 2025, Plaintiffs moved for reconsideration of the Court's Order granting the abeyance. *See* ECF No. 37. The Court denied Plaintiffs' reconsideration request but ordered Defendants to "file a status report on or before December 30, 2025 informing the Court of the status of the EPA's action on the proposal." Minute Order dated Nov. 5, 2025.

6.      As mandated by Executive Order 12866, 58 Fed. Reg. 51735 (Oct. 1993), EPA submitted the draft of its final action to OMB's Office of Information and Regulatory Affairs

---

[3] The White House, "Regulatory Relief for Certain Stationary Sources to Promote American Energy" (Apr. 8, 2025), *available at* https://perma.cc/WV8Q-UN4N.
[4] On October 16, 2025, the Court of Appeals for the District of Columbia Circuit granted EPA's motion to hold a parallel case in abeyance. *See* Per Curium Order filed in *Air Alliance Houston v. EPA*, No. 25-1143 (D.C. Cir. Oct. 16, 2025), ECF No. 2140670.

(OIRA) on December 23, 2025 for interagency review.[5] The interagency review process is generally the last step in finalizing agency action.

7.  On October 21, 2025, the Acting Director of OIRA issued Memorandum 25-36 entitled "Streamlining the Review of Deregulatory Actions." OMB Memorandum 25-36 (Oct. 21, 2025).[6] That Memorandum imposes a "presumptive 28-day" review period for deregulatory actions, such as EPA's reconsideration of the 2024 MATS Rule. *Id*. § 1.A.

8.  Thus, following completion of the OMB interagency review process, in accordance with OMB Memorandum M-25-36, section 1.A., EPA expects that the Administrator will finalize the action by the end of January 2026.[7]

Respectfully submitted,

DATED:   December 24, 2025

ADAM R.F. GUSTAFSON
*Principle Deputy Assistant Attorney General*

*Of Counsel*:

ROBERT N. STANDER
*Deputy Assistant Attorney General*

HOWARD J. HOFFMAN
Office of the General Counsel
U.S. Environmental Protection Agency

/s/Laura J. Brown
LAURA J. BROWN
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5314
Laura.j.s.brown@usdoj.gov

---

[5] EPA MATS Webpage (last accessed on December 23, 2025)
[6] https://www.whitehouse.gov/wp-content/uploads/2025/10/M-25-36-Streamlining-the-Review-of-Deregulatory-Actions.pdf (last accessed on December 22, 2025).
[7] EPA MATS Webpage (last accessed on December 23, 2025)

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 24, 2025, I electronically filed the foregoing using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                    /s/ *Laura J. Brown*