IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AIR ALLIANCE HOUSTON, et al.,

    *Plaintiffs*,

    v.

DONALD J. TRUMP, et al.,

    *Defendants*.

Civ. No. 1:25-cv-1852-PLF

### NOTICE OF EPA FINAL ACTION REPEALING PARTS OF THE 2024 MATS RULE

Pursuant to the Court's Minute Order of December 30, 2025, Defendants Donald J. Trump, in his official capacity as President of the United States, the United States Environmental Protection Agency ("EPA"), and EPA's Administrator, Lee Zeldin, respectfully notify the Court that on February 24, 2026, EPA published a final rule entitled, "National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units: Final Repeal," 91 Fed. Reg. 9088 (Feb. 24, 2026) ("2026 MATS Repeal Rule"). The 2026 MATS Repeal Rule repeals certain provisions from a prior final rule entitled, "National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units Review of the Residual Risk and Technology Review," 89 Fed. Reg. 38508 (May 7, 2024) ("2024 MATS Rule").

Specifically, in the 2026 MATS Repeal Rule, EPA repealed: (1) the revised filterable particulate matter (fPM) emission standard, which serves as a surrogate for non-mercury, hazardous air pollutant metals, for existing coal-fired electric utility steam generating units (EGUs); (2) the revised fPM emission-standard compliance demonstration requirements; and (3) the revised mercury (Hg) emission standard for lignite-fired EGUs. EPA also made technical,

1

non-substantive clarifications to electronic reporting requirements. In support of the foregoing, EPA states as follows:

1. In 2012, EPA first promulgated air toxics standards for coal- and oil-fired power plants. 77 Fed. Reg. 9304 (Feb. 16, 2012) ("2012 MATS Rule"). In 2020, EPA completed the risk review and first technology review of those standards. 85 Fed. Reg. 31286 (May 22, 2020). In 2024, EPA promulgated the 2024 MATS Rule, which revised certain 2012 standards based on a reassessment of the 2020 technology review. 89 Fed. Reg. 38508. In the same action, EPA decided not to reopen the 2020 risk review. *Id.* at 38518. The decision let stand the risk review's conclusion that risks from power plants were "acceptable" and that the 2012 MATS Rule's standards provide an "ample margin of safety to protect public health." *Id.*

2. The effective date of the 2024 MATS Rule was July 8, 2024, and sources had three years (or until July 2027) to comply with most of its requirements. 2024 MATS Rule, 89 Fed. Reg. at 38519. In March 2025, EPA announced its intention to reconsider the 2024 MATS Rule.[1] Shortly thereafter, EPA proposed to repeal most of the 2024 MATS Rule. 90 Fed. Reg. 25535 (June 17, 2025).

3. The President issued Presidential Proclamation 10914 on April 8, 2025.[2] 90 Fed. Reg. 16777 (Apr. 21, 2025). The Proclamation states that sources listed in "Annex I of this proclamation, are exempt from compliance with the [2024 MATS] Rule for a period of 2 years beyond the Rule's compliance date—i.e., for the period beginning July 8, 2027." *Supra* n.3. On

---

[1] Press Release, EPA, Trump EPA to Reconsider Biden-Harris MATS Regulation That Targeted Coal-Fired Power Plants to be Shut Down (Mar. 12, 2025), *available at* https://perma.cc/JW3U-SUP6.

[2] The White House, "Regulatory Relief for Certain Stationary Sources to Promote American Energy" (Apr. 8, 2025), *available at* https://perma.cc/WV8Q-UN4N.

July 17, 2025, the President issued Presidential Proclamation 10956, which is substantively identical to Presidential Proclamation 10914, but exempts three additional coal plants. 90 Fed. Reg. 34583 (July 23, 2025).

4. Plaintiffs challenge Presidential Proclamations 10914 and 10956. *See* ECF 31-1. On August 5, 2025, Defendants moved for a six-month abeyance while EPA worked to complete its reconsideration of the 2024 MATS Rule, which could moot the case. ECF No. 26. Plaintiffs filed their opposition to that request on August 19, 2025, ECF. No. 34, and Defendants filed a reply on August 26, 2025, ECF No. 35. On September 3, 2025, this Court issued a minute order granting the government's requested six-month abeyance "in the interest of judicial economy."[3]

5. On October 24, 2025, Plaintiffs moved for reconsideration of the Court's Order granting the abeyance. *See* ECF No. 37. The Court denied Plaintiffs' reconsideration request but ordered Defendants to "file a status report on or before December 30, 2025 informing the Court of the status of the EPA's action on the proposal." Minute Order dated Nov. 5, 2025.

6. As noted above, on February 19, 2026, the EPA Administrator signed the 2026 MATS Repeal Rule, which repealed the provisions of the 2024 MATS Rule that were subject to Presidential Proclamations 10914 and 10956. Among other things, the 2026 MATS Repeal Rule repealed the following three provisions from the 2024 MATS Rule:

   a. The fPM emission standard for existing coal-fired EGUs, which EPA had revised from 0.030 pounds per million British thermal units (lb/MMBtu) to 0.010 lb/MMBtu;

---

[3] On October 16, 2025, the D.C. Circuit granted EPA's motion to hold a parallel case in abeyance. *See* Per Curium Order filed in *Air Alliance Houston v. EPA*, No. 25-1143 (D.C. Cir. Oct. 16, 2025), ECF No. 2140670.

    b. The compliance demonstration requirement for the fPM emission standard for all coal- and oil-fired EGUs, which EPA had revised from allowing EGU owners and operators to choose between use of quarterly stack testing, use of continuous parametric monitoring systems (CPMS), or use of PM continuous emission monitoring systems (CEMS), to allowing only the use of PM CEMS;

    c. The Hg emission standard for existing lignite-fired EGUs, which EPA had revised from 4.0 pounds per trillion British thermal units (lb/TBtu) to 1.2 lb/TBtu.

2026 MATS Repeal Rule, 91 Fed. Reg. at 9090.

7. When the 2026 MATS Repeal Rule becomes effective, 60 days from the date of publication (or April 27, 2026), *see* 91 Fed. Reg. at 9088, regulated facilities will no longer be required to comply with the repealed portions of the 2024 MATS Rule that are the subject of the Presidential Proclamations. As a result, it is Defendants' position that Plaintiffs' challenge will become moot at that time.

8. On February 24, 2026, counsel for Defendants requested that Plaintiffs voluntarily dismiss this case as moot. Plaintiffs' counsel responded that Plaintiffs disagree that the case is moot while the exemptions remain in place, and the parties have arranged to meet and confer on the subject in the next several days.

                                                           Respectfully submitted,

DATED:    February 25, 2026

                                                           ADAM R.F. GUSTAFSON
                                                           *Principal Deputy Assistant Attorney General*

*Of Counsel*:                                     ROBERT N. STANDER
                                                          *Deputy Assistant Attorney General*

HOWARD J. HOFFMAN
Office of the General Counsel                */s/Laura J. Brown*
U.S. Environmental Protection Agency    LAURA J. BROWN

                                        Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5314
Laura.j.s.brown@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I electronically filed the foregoing using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Laura J. Brown*