**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AIR ALLIANCE HOUSTON, et al., | |
| *Plaintiffs,* | |
| *v.* | Case No. 1:25-cv-1852-PLF |
| DONALD TRUMP, et al., | |
| *Defendants.* | |

**CONSENT MOTION TO EXTEND ABEYANCE**

On February 24, 2026, the U.S. Environmental Protection Agency ("EPA") published a final rule ("2026 MATS Repeal Rule") repealing certain emission standards and requirements for coal- and oil-fired power plants from a prior 2024 rule that were separately exempted from those standards by the Presidential Proclamations at issue in this matter. Pursuant to the Court's September 3, 2025 order, and after conferring with the parties, Plaintiffs move the Court to extend the abeyance of this case until a forthcoming legal challenge in the U.S. Court of Appeals for the D.C. Circuit to the 2026 MATS Repeal Rule is fully resolved, as the resolution of that challenge bears on the claims in this suit. Granting this consent motion will conserve the resources of the Court and the parties and will not cause prejudice to the parties.

In accordance with Local Rule 7(m), Plaintiffs' counsel conferred with counsel for Defendants and counsel for Intervenor-Defendant Talen Montana, LLC. Defendants and Intervenor-Defendant consent to the relief requested.

**BACKGROUND**

In 2012, EPA first promulgated air toxics standards for coal- and oil-fired power plants. 77 Fed. Reg. 9304 (Feb. 16, 2012) ("2012 MATS Rule").

1

In 2024, EPA promulgated a rule that revised certain 2012 emission standards and requirements for coal- and oil-fired power plants. 89 Fed. Reg. 38508 (May 7, 2024) ("2024 MATS Rule"). The effective date of the 2024 MATS Rule was July 8, 2024, and sources had three years (or until July 2027) to comply with most of its requirements. 2024 MATS Rule, 89 Fed. Reg. at 38519.

EPA announced its intention to reconsider the 2024 MATS Rule in March 2025.[1] Shortly thereafter, EPA proposed to repeal most of the 2024 MATS Rule. 90 Fed. Reg. 25535 (June 17, 2025).

On April 8, 2025, the President issued Presidential Proclamation 10914 that granted certain sources exemptions from compliance with the 2024 MATS Rule "for a period of 2 years beyond the Rule's compliance date—i.e., for the period beginning July 8, 2027, and concluding July 8, 2029." 90 Fed. Reg. 16777 (Apr. 21, 2025). The President issued Presidential Proclamation 10956 on July 17, 2025, exempting three additional coal plants for the same period of time. 90 Fed. Reg. 34583 (July 23, 2025).

In this case, Plaintiffs challenge Proclamations 10914 and 10956 as contrary to the Clean Air Act and in excess of legal authority. *See* ECF No. 31-1. On August 5, 2025, Defendants moved for a six-month abeyance while EPA worked to complete its reconsideration of the 2024 MATS Rule. On September 3, 2025, this Court issued a minute order granting Defendants'

---

[1] EPA, Press Release, *Trump EPA to Reconsider Biden-Harris MATS Regulation That Targeted Coal-Fired Power Plants to be Shut Down* (Mar. 12, 2025), https://www.epa.gov/newsreleases/trump-epa-reconsider-biden-harris-mats-regulation-targeted-coal-fired-power-plants-be.

request and ordering an abeyance until March 3, 2026, with a joint status report due by March 17, 2026.[2]

On February 24, 2026, EPA promulgated a rule repealing certain emission standards and requirements of the 2024 MATS Rule which are the subject of the Proclamations challenged in this case. 91 Fed. Reg. 9088 (Feb. 24, 2026). The 2026 MATS Repeal Rule included repeal of the filterable particulate matter (fPM) emission standard for existing coal-fired electric utility steam generating units (EGUs), repeal of the requirement to use PM continuous emissions monitoring to demonstrate compliance with the fPM emission standard, and repeal of the mercury emission standard for existing lignite-fired EGUs. *Id.* The 2026 MATS Repeal Rule becomes effective on April 27, 2026. *Id.* The Proclamations remain in effect and have not been repealed.

Certain plaintiffs will timely file a petition for review in the D.C. Circuit challenging the 2026 MATS Repeal Rule as unlawful and seeking its vacatur. Parties have 60 days from the final rule to file such a challenge. 42 U.S.C. § 7607(b)(1).

## ARGUMENT

The parties agree that an extension of the abeyance in this case is appropriate until the forthcoming legal challenge to the MATS 2026 Repeal Rule is fully resolved.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936); *Hulley*

---

[2] On October 16, 2025, the D.C. Circuit granted EPA's motion to hold a parallel case in abeyance. *See* Per Curiam Order filed in *Air Alliance Houston v. EPA*, No. 25-1143 (D.C. Cir. Oct. 16, 2025), ECF No. 2140670. The petitioners in that case will request that the D.C. Circuit continue the abeyance pending resolution of challenges to the 2026 MATS Repeal.

*Enterprises Ltd. v. Russian Federation*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) (court's power to issue a stay is "appropriately exercised where a separate proceeding bearing upon the case is pending.").

If the legal challenge to the 2026 MATS Repeal Rule results in vacatur of that rule, the repealed emission standards and requirements of the 2024 MATS Rule would come back into effect, at which point the Proclamations would continue to independently exempt sources from those emission standards and requirements. Continuing to hold this case in abeyance would thus preserve Plaintiffs' ability to pursue their challenge to those Proclamations in the event the forthcoming legal challenge to the 2026 MATS Repeal Rule is successful. An abeyance would allow Plaintiffs to quickly establish a schedule for litigating this case if the 2026 MATS Repeal Rule is vacated, rather than face the unnecessary delay and cost of filing and serving a new complaint to challenge the same Proclamations all over again.

On the other hand, if the forthcoming challenge is denied and the 2026 MATS Repeal Rule is left in place, Plaintiffs expect this case can be voluntarily dismissed without the need for further briefing. Neither Defendants nor Intervenor-Defendant will be prejudiced by extending the abeyance because the Proclamations will remain in place during the abeyance. Continuing the abeyance also avoids the need for further briefing by the parties at present. Thus, extending the abeyance would be in the best interests of fairness and judicial economy, and would not result in any harm or inconvenience to the parties or the Court.

The parties agree that Plaintiffs' request for abeyance is without prejudice to any party's ability to request that the Court terminate the abeyance and return the case to its active docket before the conclusion of proceedings in the 2026 MATS Repeal Rule litigation.

**CONCLUSION**

For the reasons given above, Plaintiffs request that the Court extend the abeyance in this case pending the resolution of the forthcoming petition for review of the 2026 MATS Repeal Rule, with a motion to govern further proceedings due 30 days after the D.C. Circuit's issuance of a final decision in that case. A proposed order is attached.

DATED: March 17, 2026

Respectfully Submitted,

*/s/ Nicholas Morales*
Nicholas Morales (D.C. Bar No. 1003942)
Earthjustice
1250 I St. NW, Fourth Floor
Washington, D.C. 20005
(202) 667-4500
nmorales@earthjustice.org

*Counsel for Plaintiffs Air Alliance Houston, Clean Air Council, Downwinders at Risk, Montana Environmental Information Center, and Sierra Club*

Surbhi Sarang (CO Bar No. 56667, D.D.C. Bar ID CO0112)
Richard Yates (D.D.C. Bar ID CA00229)
Tomás Carbonell (D.D.C. Bar ID 989797)
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
tcarbonell@edf.org

*/s/ Sean H. Donahue*
Sean H. Donahue (DC Bar No. 450940)
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com

*Counsel for Plaintiff Environmental Defense
Fund*

*/s/ Sarah Buckley*
Sarah Buckley (Va. Bar No. 87350)
(*Pro Hac Vice*)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 836-9555
sbuckley@nrdc.org

Katherine Desormeau (D.D.C. Bar ID
CA00024)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, California 94104
(415) 875-6100
kdesormeau@nrdc.org

*Counsel for Plaintiff Natural Resources
Defense Council*

*/s/ Abel Russ*
Abel Russ (D.D.C. Bar ID 1007020)
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(802) 482-5379
aruss@environmentalintegrity.org

*/s/ Sanghyun Lee*
Sanghyun Lee (D.D.C. Bar ID 1632212)
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 263-4441
slee@environmentalintegrity.org

*Counsel for Plaintiff Environmental
Integrity Project*

*/s/ Brian H. Lynk*
Brian H. Lynk (D.C. Bar No. 459525)

6

Environmental Law & Policy
Center
740 15th Street, NW, Suite 700
Washington, DC 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Plaintiffs Environmental Law &
Policy Center and Dakota Resource Council*


*/s/ Shaun A. Goho*
Shaun A. Goho (D.D.C. Bar ID MA0013)
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us

*Counsel for Plaintiff Citizens for
Pennsylvania's Future*

*/s/ Ryan Maher*
Ryan Maher (D.C. Bar No. 1620024)
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(781) 325-6303
rmaher@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological
Diversity*